IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FAMILY MEDICINE PHARMACY LLC, | ) )  |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 15-00290-N ) |
| OWEN MUMFORD USA, INCORPORATED, | ) ) ) |
| Defendant. | ) |

### ORDER

This action is before the Court on the Defendant's motion to strike under Federal Rule of Civil Procedure 12(f) (Doc. 12). Upon consideration, the Court finds that the motion is due to be **DENIED**.

The Plaintiff filed its initial Class Action Complaint (Doc. 1) on June 2, 2015. On August 3, 2015, the Plaintiff filed its First Amended Class Action Complaint (Doc. 11). The Defendant argues the First Amended Class Action Complaint is due to be stricken as improperly filed under Federal Rule of Civil Procedure 15(a).

Under Rule 15(a)(1)(B), "if the pleading is one to which a responsive pleading is required," a "party may amend its pleading once as a matter of course within…21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." At the time the Plaintiff filed its First Amended Class Action Complaint, the Defendant had filed neither a responsive pleading nor a motion under Rule 12(b), (e), or (f), and the Defendant's motion does not represent that the Defendant had otherwise served the Plaintiff with any such pleading or motion. Rather, the Defendant is under the impression that Rule 15(a)(1)(B) does not permit the Plaintiff to amend as a matter of course until the

Defendant has filed either a responsive pleading or Rule 12(b), (e), or (f) motion. (*See* Doc. 12 at 5 ("While Plaintiff's original Complaint fell within the ambit of pleadings to which a response was required, Plaintiff's right to amend under subsection (B) would have been triggered only by the filing of an answer or Rule 12 motion by Owen Mumford, neither of which had occurred as of August 3 (because, of course, Owen Mumford's deadline to respond had been extended to August 17). Plaintiff's amendment was thus improper under subsection (B) of Rule 15(a)(1) as well.")).  Thus, according to the Defendant, the Plaintiff was required to seek either leave of court or the Defendant's consent prior to filing its amended complaint.  *See* Fed. R. Civ. P. 15(a)(2).

The Defendant is incorrect.  The service of a responsive pleading or Rule 12(b), (e), or (f) motion does not act as a "starter pistol" to the plaintiff's right to amend as a matter of course under Rule 15(a)(1)(B).  Rather, it simply marks "the beginning of the end," commencing the 21-day countdown to the closing of the right. *See Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) ("[W]hether to allow an amendment was out of the court's hands entirely…Because no responsive pleading or motion to dismiss had been filed, the 21–day clock under Rule 15(a)(1)(B) never started and Swanigan retained the right to amend his complaint."); *Toenniges v. Ga. Dep't of Corr.*, 502 F. App'x 888, 890 (11th Cir. Dec. 26, 2012) (per curiam) (unpublished) ("Here, the district court clearly abused its discretion in not permitting Toenniges to amend his complaint as a matter of course, as he was entitled to do so under Rule 15(a). *See* Fed. R. Civ. P. 15(a)(1)(B).  The record shows that Toenniges filed two motions for leave to amend his complaint—the first motion was filed on January 15, 2010, and the second was filed on February 26, 2010.  At

the time Toenniges filed his motions to amend, no responsive pleadings had been filed.  Indeed, the pre-answer motion to dismiss by seven defendants was not filed until May 26, 2010. Further, final judgment was not entered until April 26, 2012." (some citations omitted)).[1]

Because the Plaintiff properly filed its First Amended Class Action Complaint (Doc. 11) as a matter of course under Rule 15(a)(1)(B), it is **ORDERED** that the Defendant's motion to strike (Doc. 12) is **DENIED**.[2]

**DONE** and **ORDERED** this the 18th day of August 2015.[3]

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Rule 15(a) was amended to its current form effective December 1, 2009.   The prior version of Rule 15(a) gave "a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed. For Rule 15 purposes, a motion to dismiss [was] not a responsive pleading."   *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 & n.1 (11th Cir. 2010) (per curiam).

[2] Thus, the Court does not address the Defendant's arguments why leave to amend under Rule 15(a)(2) should be denied as futile.

[3] As the parties are aware, this action has been randomly assigned to the undersigned Magistrate Judge for all purposes, including trial.   (*See* Doc. 2).   Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge, as provided for in the Notice of Assignment (Doc. 2), there presently exists implied consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").